JUDGE CROTTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



RECEIVED
OCT 01 2014
U.S.D.C. S.D. N.Y.

TYCO INTERNATIONAL HOLDING S.a.r.l.

    Plaintiff,

v.

ATKORE INTERNATIONAL GROUP INC.

    Defendant.

CIVIL ACTION NO.

**14 CV 7968**

## COMPLAINT

Plaintiff Tyco International Holding S.a.r.l. ("Tyco"), by and through its attorneys Montgomery, McCracken, Walker & Rhoads, LLP, as and for its Complaint against Atkore International Group Inc. ("Atkore" or "Defendant"), alleges as follows:

### NATURE OF THE ACTION

1. Tyco brings this breach of contract action following Defendant's refusal to indemnify Tyco for claims covered by the clear and unequivocal language in a written agreement between the parties.

2. Defendant manufactures steel pipes coated with an antibacterial film known as ABF II, which is designed to provide the pipes with antimicrobial protection. Defendant's pipes are regularly used in combination with chlorinated polyvinylchloride (CPVC) pipes and fittings that are manufactured by a Tyco affiliate and used in fire sprinkler systems. On occasion, Tyco has received claims asserting that an alleged incompatibility between ABF II coated steel pipes and CPVC pipes causes leaks of the CPVC pipes or fittings. On or about November 9, 2010, Tyco and Defendant entered into an Investment Agreement (the "Agreement") through which Defendant expressly agreed to indemnify Tyco for such claims.

3. Tyco is currently defending a number of consolidated lawsuits pending in Canada, arising from approximately 400 leaks of CPVC pipes and fittings, in which allegations have been made about the role of ABF II in causing or contributing to those problems. Pursuant to the terms of the Agreement, Tyco gave proper notice to Defendant of these actions and demanded that Defendant indemnify Tyco in accordance with the Agreement. In breach of the Agreement, Defendant has rejected Tyco's continued demands for indemnification.

4. Tyco brings this suit to recover the amounts it has incurred to date that Defendant has refused to pay and to which it is entitled under the Agreement, and for a Declaratory Judgment that Defendant is obligated to indemnify Tyco hereafter.

## THE PARTIES

5. Plaintiff Tyco International Holding S.a.r.l. is a company organized and existing under the laws of Luxembourg with its principal place of business in Luxembourg.

6. Defendant Atkore International Group Inc. is a corporation organized and existing under the laws of Delaware with its principal place of business in Harvey, Illinois.

## JURISDICTION AND VENUE

7. Pursuant to 28 U.S.C. § 1332, this Court has subject matter jurisdiction as the parties are citizens of different states and the amount in controversy exceeds $75,000.

8. Venue properly lies in this district pursuant to 28 U.S.C. § 1391(b)(3). Through the Agreement, the parties submitted to the jurisdiction of this Court and agreed that "any legal action or proceeding arising out of or relating to this Agreement brought by the other party…shall be brought and determined in any New York State or federal court sitting in the Borough of Manhattan in the City of New York." (¶ 11.8(b) at 81.)

## FACTUAL ALLEGATIONS

I. The Indemnification Provisions

9. On or about November 9, 2010, Tyco entered into the Agreement with Defendant (defined therein as the "Company") and CD&R Allied Holdings, L.P. (defined therein as the "Investor") for the sale of Company shares held by Tyco.

10. As a component of the Agreement, all parties agreed to comprehensive indemnification provisions. *See generally* Art. IX.

11. Defendant agreed to indemnify Tyco (defined in the Agreement as the "Seller" or "Seller Indemnified Parties") against certain claims, including third-party claims. Specifically, and in relevant part, Defendant agreed to "indemnify [Tyco] against, and to pay and to hold [Tyco] harmless from, all (or, in the case solely of the indemnification provided in Section 9.3(c), 85% of) Losses suffered or incurred by any of the Seller Indemnified Parties to the extent arising out of:

> (c) 85% SP Claims (x) to the extent arising out of the Disclosed Claims, and (y) until such time as the Company Indemnified Parties have suffered Losses after the day hereof in respect of Special Product Claims other than Disclosed Claims (for the avoidance of doubt, including through the satisfaction of the Company's indemnification obligations under Section 9.3(b)(y) and this Section 9.3(c)(y)) in an aggregate amount equal to the Special Product Deductible..."

¶ 9.3(c) at 68.

12. The Agreement defines "Loss" as "any and all Liabilities, losses, damages, expenses (including reasonable expenses of investigation, enforcement and collection and reasonable attorneys' and accountants' fees and expenses, in each case, in connection with any Proceeding), costs, fines, fees, penalties and obligations, whether or not involving a Third Party Claim." ¶ 12.1 at 93.

13. "85% SP Claims" is defined as "any actual pending or threatened claim or action in respect of Special Products Claims that include claims arising out of the provision of Special Related Products or Services by Seller or a Non-Company Affiliate." ¶ 12.1 at 84.

14. "Special Products Claims," in turn, is defined by the Agreement as having the meaning given in Schedule 12.1(D). The Schedules define "Special Products Claims" as:

> …any actual or threatened claim or action brought by any party other than Seller which relates to steel sprinkler pipe coated with antimicrobial formulas, such as but not limited to ABF II coated pipe, manufactured prior to the Closing by Allied Tube & Conduit Corporation and/or other entities comprising part of the Business, to the extent such claim or action arises from the alleged incompatibility of such steel sprinkler pipe with chlorinated polyvinylchloride pipe or fittings.

¶ 12.1(D) at 132.

15. Therefore, where Tyco faces an actual, pending, or threatened claim or action that arises in whole or in part from the alleged incompatibility of ABF II type coated steel sprinkler pipes with CPVC pipe or fittings, Atkore must indemnify Tyco for corresponding Losses, including costs of litigation, costs of enforcement, and reasonable attorneys' fees.

II. The Ideal Litigation

16. The underlying litigation giving rise to Tyco's right to indemnification, and Defendant's corresponding obligation to indemnify, is comprised of sixteen different actions relating to eighteen different multi-story residential building sites in and around Montreal, Quebec, Canada (the "Ideal Litigation"). The Ideal Litigation includes allegations that certain sprinkler system components installed at the sites failed in whole or in part as a result of the alleged incompatibility of the BlazeMaster CPVC pipes and fittings and Allied ABF II coated steel pipes, causing significant property damage and/or a need for remediation.

17. A majority of these cases involve a general contractor, property owner, or insurer that has sued the fire suppression system installer, Protection Incendie Ideal ("PII"), that in turn has brought an action in warranty against Tyco and its distributors. Additionally, PII has brought an overarching action against Tyco and its distributors seeking recovery for PII's alleged damages suffered in relation to all eighteen sites. At each site, PII installed a hybrid system comprised of BlazeMaster CPVC pipe and Allied ABF II steel pipe that were manufactured and installed prior to November 2010, the Agreement's Closing Date.

18. In defense to the underlying litigation, and in its filings and litigation documents served regarding its claims against Tyco, PII has asserted that the damage in question was caused in whole or in part from the alleged incompatibility of ABF II type coated steel sprinkler pipes with chlorinated polyvinylchloride pipe or fittings.

19. Pursuant to Section 9.3(c) of the Agreement and Schedule 12.1(D), Defendant's obligation to indemnify and hold Tyco harmless in the event of a Special Products Claim is triggered upon an actual pending or threatened claim or action that relates to the alleged incompatibility of ABF II type coated steel sprinkler pipes with CPVC pipe or fittings.

III. Tyco Gave Proper Notice

20. Section 9.6(a) of the Agreement provides that:

> Any Person making a claim for indemnification under Section 9.1, Section 9.2, or Section 9.3 (an "Indemnified Party") shall notify the party against whom indemnification is sought (an "Indemnifying Party") of the claim in writing promptly after receiving notice of any action, lawsuit, proceeding, investigation, demand or other claim against the Indemnified Party by a third party (a "Third Party Claim"), describing the Third Party Claim, the amount thereof (if known and quantifiable) and the basis thereof in reasonable detail; provided, that, the failure to so notify an Indemnifying Party shall not relieve the Indemnifying Party of its obligations hereunder except to the extent that (and only to the extent that) such failure shall have caused the indemnifiable Losses to be greater than such Losses would have

5

been had the Indemnified Party given the Indemnifying Party prompt notice hereunder.

¶ 9.6(a) at 72.

21. Tyco notified Defendant about the Ideal Litigation and first demanded indemnification by letter dated January 31, 2012. .

22. Plaintiffs in the Ideal Litigation did not expressly articulate a theory regarding ABF II until in or around September 2013. Once these assertions relating to ABF II arose in the litigation, Tyco immediately again gave notice to Defendant in a letter dated September 24, 2013.

23. In a series of e-mails and telephone calls following the September 24, 2013 letter, Defendant has continued to refuse to indemnify Tyco in material breach of its obligations under the Agreement.

## FIRST CLAIM FOR RELIEF
(Breach of Contract- Indemnification)

24. Plaintiff repeats and realleges paragraphs 1 through 23 as if fully set forth herein.

25. At all times relevant hereto the Agreement created a binding, contractual relationship between Tyco and Defendant.

26. Tyco has properly performed all of the obligations required of it under the Agreement.

27. Under the terms of the Agreement, Defendant is obligated to indemnify and hold Tyco harmless in connection with the Ideal Litigation.

28. Defendant has materially breached its obligation under the Agreement by wrongfully refusing to indemnify Tyco for all costs and damages incurred in connection with the Ideal Litigation.

29. As a direct and proximate result of Defendant's breach, Tyco has incurred, and will continue to incur, substantial actual costs and damages, in an amount to be determined at trial, in an amount in excess of $75,000.

## SECOND CLAIM FOR RELIEF
(Declaratory Judgment)

30. Plaintiff repeats and realleges paragraphs 1 through 29 as if fully set forth herein.

31. There is a real, immediate, and justiciable controversy existing between Tyco and Defendant concerning Defendant's obligation to indemnify Tyco for the Ideal Litigation.

32. The Agreement grants Tyco the right to be indemnified for the third-party claims arising in the Ideal Litigation, some of which are ongoing and are expected to continue into the future.

33. The Agreement obligates Defendant to indemnify Tyco for the third-party claims arising in the Ideal Litigation. Defendant refuses to honor its obligations, some of which are ongoing and are expected to continue into the future.

34. Therefore, Tyco is entitled to a judicial declaration that Defendant must indemnify Tyco for the Ideal Litigation and fulfill its obligations to indemnify these claims now and in the future.

**WHEREFORE**, Plaintiff Tyco International Holding S.a.r.l prays that this Court find Defendant Atkore International Group Inc. in breach of the Investment Agreement's indemnification obligations and (a) award all indemnification costs and fees, now and in the future, that are or will be due and owing to Tyco under the Agreement; (b) award the full costs of this action, including attorneys' fees; (c) award compensatory damages in an amount to be determined at trial; (d) judicially declare that Defendant is obligated to indemnify Tyco for the

Ideal Litigation now and going forward, and (e) award such other and further relief as the Court may deem just and proper.

DATED: NEW YORK, NEW YORK
        OCTOBER 2, 2014

MONTGOMERY, MCCRACKEN, WALKER & RHOADS, LLP

By: _____
Charles Palella (CP6642)
437 Madison Avenue, 29th Floor
New York, NY 10002
(212) 867-9500
    cpalella@mmwr.com

Attorneys for Plaintiff
Tyco International Holding S.a.r.l.