UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
:
TYCO INTERNATIONAL HOLDINGS :
S.a.r.l., :
 :
    *Plaintiff,* :
 :
  *-against-* : 14 Civ. 7968 (PAC)
 :
ATKORE INTERNATIONAL GROUP INC., :
 : **OPINION & ORDER**
    *Defendant.* :
 :
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-17-15

HONORABLE PAUL A. CROTTY, United States District Judge:

    Plaintiff Tyco International Holdings S.a.r.l. ("Tyco") sues Defendant Atkore International Group Inc. ("Atkore") for breach of contract and declaratory judgment in connection with alleged payment obligations under a contractual indemnification provision.

    Atkore moves to dismiss the complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). The Court determines that it has subject matter jurisdiction and GRANTS the motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) with leave to amend.

## BACKGROUND[1]

Atkore manufactures steel pipes coated with an antibacterial film known as ABF II.

---

[1] The statements in the Background section are based on the allegations of the complaint and are assumed to be true. *See Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011).

Compl. ¶ 2. Atkore's pipes are regularly used in combination with chlorinated polyvinylchloride (CPVC) pipes and fittings that are manufactured by a Tyco affiliate and used in fire sprinkler systems. *Id.* In the past, Tyco has received claims asserting that an alleged incompatibility between ABF II coated pipes and CPVC pipes caused leaks in the CPVC pipes or fittings. *Id.*

In November 2010, Tyco, Atkore, and third-party CD&R Allied Holdings, L.P. entered into an agreement for the sale of Atkore shares held by Tyco (the "Agreement"). *Id.* ¶ 9. The Agreement contained an indemnification provision which provided that Atkore would indemnify Tyco against certain claims, including third-party claims. *Id.* ¶ 10. As relevant here, Atkore agreed to indemnify Tyco for 85% of "Losses" suffered by Tyco arising from "Special Product Claims". *Id.* ¶ 11.

The Agreement defines "Losses" as "any and all Liabilities, losses, damages, expenses (including reasonable expenses of investigation, enforcement and collection and reasonable attorneys' and accountants' fees and expenses, in each case, in connection with any Proceeding), costs, fines, fees, penalties and obligations, whether or not involving a Third Party Claim." *Id.* ¶ 12. The Agreement defines "Special Products Claims" as "any actual or threatened claim or action brought by any party other than [Tyco] which relates to steel sprinkler pipe coated with antimicrobial formulas, such as but not limited to ABF II coated pipe, . . . to the extent such claim or action arises from the alleged incompatibility of such steel sprinkler pipe with [CPVC] pipe or fittings." *Id.* ¶ 14.

Tyco is currently defending sixteen actions in Canada arising from leaks in CPVC pipes and fittings in multi-story residential buildings in and around Montreal, Quebec. *Id.* ¶¶ 3, 16. Those actions include various claims by general contractors, property owners, and insurers against Protection Incendie Ideal ("PII"), the buildings' fire suppression system installer.

2

*Id.* ¶ 17. PII in turn has brought claims against Tyco and its distributors seeking recovery for PII's alleged damages suffered in relation to the claims. *Id.* The parties refer to all of those actions collectively as the "Ideal Litigation".

In January 2012, Tyco notified Atkore about the Ideal Litigation by letter and demanded indemnification per the terms of the Agreement. *Id.* ¶ 21. Tyco alleges that, beginning around September 2013, PII began asserting in filings and litigation documents in the Ideal Litigation "that the damage in question was caused in whole or in part from the alleged incompatibility of ABF II type coated steel sprinkler pipers with chlorinated polyvinylchloride pipe or fittings." *Id.* ¶¶ 18, 22. Based on those alleged assertions, on September 24, 2013 Tyco again wrote to Atkore demanding indemnification. *Id.* ¶ 22. Atkore refused to indemnify Tyco. *Id.* ¶ 23.

Tyco sued Atkore for indemnification and declaratory judgment. Atkore moved to dismiss, arguing that (i) the Court lacks subject matter jurisdiction because "in New York claims for indemnification are barred until there is a determination with respect to the underlying liability . . ."; and (ii) Tyco fails to state a claim because the complaint and documents incorporated by reference fail to allege a "claim against Tyco based on antimicrobial pipe-coating" that would trigger the indemnification obligation. Def. Mem. at 1.

## DISCUSSION

### I. Applicable Law

#### A. Subject Matter Jurisdiction

A case is not ripe for review, and thus not justiciable, if it "depends upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *National Organization for Marriage, Inc. v. Walsh*, 714 F.3d 682, 687 (2d Cir. 2013) (internal quotation

3

marks omitted). As applied to claims for indemnification, "New York law clearly provides that a claim for indemnification or contribution is premature where there has been neither entry of judgment nor payment." *Armored Group, LLC v. Homeland Sec. Strategies, Inc.*, No. 07 Civ. 9694, 2009 WL 1110783, at *3 (S.D.N.Y. Apr. 21, 2009).[2]

### B. Failure to State a Claim

On motion to dismiss for failure to state a claim, the Court accepts as true all of the factual allegations contained in the complaint and construes the complaint in the light most favorable to the plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court only "assess[es] the legal feasibility of the complaint"; it does not "assay the weight of the evidence which might be offered in support thereof." *Lopez v. Jet Blue Airways*, 662 F.3d 593, 596 (2d Cir. 2011) (internal quotation marks omitted). To state a facially plausible claim under Fed. R. Civ. P. 8(a)(2), a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is inadequate if it offers merely "labels and conclusions", "a formulaic recitation of the elements of a cause of action", or "naked assertions devoid of further factual enhancement". *Id.* (internal quotation marks omitted). Put another way, a plaintiff must plead enough facts to "nudge[] [its] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

## II. Analysis

### A. The Court has Subject Matter Jurisdiction

---

[2] The Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. The parties agree that New York law controls. *See* Def. Mem. at 6; Pl. Opp. Mem. at 8.

Atkore argues that the Court lacks subject matter jurisdiction because it is premature for Tyco to seek indemnification prior to a determination of liability in the Ideal Litigation. Def. Mem. at 6. Atkore adheres to that position even though Tyco seeks legal fees that it alleges it has already incurred in defending the Ideal Litigation. *Id.*

Atkore relies primarily on *Invensys Inc. v. Am. Mfg. Corp.*, No. 04 Civ. 3744, 2005 WL 600297 (E.D. Pa. Mar. 15, 2005). That case involves claims based on injuries that allegedly resulted from exposure to asbestos-containing products. *Id.* at *2. The plaintiff, which was defending the underlying litigation, sought to collect under an indemnification provision in an asset purchase agreement that covered, among other things, losses, costs, and expenses suffered due to liability from asbestos cases. *Id.* at *1. The Court held that it lacked subject matter jurisdiction to decide the indemnification claim until the plaintiff made a payment on an underlying judgment or settlement, even though the plaintiff had already incurred legal fees and expenses. *Id.* at *3. Atkore argues that it is not obligated to indemnify Tyco until Tyco makes a payment on a judgment or settlement in the Ideal Litigation. Def. Mem. at 6.

We disagree. New York law provides that the time to seek indemnification depends on the specific language of the indemnification provision at issue. *See* Pl. Opp. Mem. at 8 (citing *Barnes v. New York City Hous. Auth.*, 43 A.D.3d 842, 845 (2d Dep't 2007)). In *Invensys* and other cases cited by Atkore, the indemnification provisions only protected against damages and expenses arising from liabilities, so they naturally only triggered upon a judgment or settlement premised on the plaintiff's liability in the underlying litigation. The indemnification provision in the Agreement, as alleged here, is not so limited. Rather, it covers losses and expenses, including reasonable attorneys' fees, arising out of "any actual or threatened claim or action", provided that such claim or action arises from the alleged incompatibility of ABF II coated pipes

5

and CPVC pipes or fittings. Compl. ¶¶ 12-14. That language makes clear that a determination of liability in the underlying litigation is not necessary to trigger Atkore's indemnification obligation. Indeed, there need not even be underlying litigation at all provided there is a *threatened* claim that *alleges* incompatibility between the two types of pipes.

Tyco alleges that it has incurred actual costs in defending the Ideal Litigation. *Id.* ¶¶ 4, 29. That is sufficient to create a present, concrete case because Tyco would be entitled to indemnification if all the other conditions of the indemnification provision are satisfied, irrespective of (and so not contingent on) whether Tyco is ultimately found liable in the Ideal Litigation. The Court has subject matter jurisdiction.

### B. Tyco Insufficiently Pleaded its Claims for Indemnification and Declaratory Judgment.

Atkore next argues that Tyco's indemnification and declaratory judgment claims should be dismissed because the claims against Tyco in the Ideal Litigation are not the type of claims covered by the Agreement's indemnification provision—*i.e.* they are not claims based on the alleged incompatibility of ABF II coated pipes and CPVC pipes. Def. Mem. at 8-9. In support of its position, Atkore attaches a letter it received from Tyco and various documents from the Ideal Litigation. *See* Def. Mot. Ex. 3. Tyco in turn argues that those same documents support its position that the Agreement *does* cover the claims in the Ideal Litigation. *See* Pl. Opp. Mem. at 14-15.

The Court need not consider those arguments at this time because the claims are insufficiently pleaded for a more fundamental reason. To satisfy its burden of alleging that the claims arise from "the alleged incompatibility of [ABF II coated] pipe with chlorinated polyvinylchloride pipe or fittings", Tyco provides only the duplicative and conclusory allegation that in the Ideal Litigation, PII has asserted claims based on "the alleged incompatibility of ABF

6

II type coated steel sprinkler pipes with chlorinated polyvinylchloride pipe or fittings." Compl. ¶ 18; *see also id.* ¶ 16. That factual allegation, standing alone, is the type of "naked assertion[] devoid of further factual enhancement" that is insufficient under Rule 8(a)(2). *Iqbal*, 556 U.S. at 678. As in *Iqbal*, "the complaint has alleged—but it has not 'shown'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Tyco's declaratory judgment claim, which is premised on the same factual assertion, is similarly deficient. Tyco has indicated that it can plead additional supporting facts to satisfy Rule 8(a)(2), *see* Pl. Opp. Mem. at 16 n.5, and the Court grants Tyco leave to amend.

## CONCLUSION

For the foregoing reasons, the Court DENIES Atkore's Fed. R. Civ. P. 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, and GRANTS Atkore's Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim, with leave to amend. Plaintiff has until Monday, September 28, 2015 to file its amended pleading. Thereafter, the parties should meet and confer to prepare and submit a civil case management plan. The Clerk is directed to terminate the motion at Docket #10.

Dated: New York, New York
       September 17, 2015

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge